CHITTENDEN *et al.* *v.* THANNHAUSER *et al.*

(*Circuit Court, S. D. New York.* July 14, 1891.)

CORPORATIONS—LIABILITY OF OFFICERS—FALSE REPORT.

    3 Rev. St. N. Y. (8th Ed.) p. 1958, § 15, provides that, if any certificates made by the officers of any company in pursuance of the provisions of this act shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof. *Held,* that the officers and trustees of a company who made and signed a certificate that stock of the value of $1,500,000 had been issued as full-paid stock in payment of certain property, and that said stock had been issued to the amount of the value of the property, are liable for debts contracted to the full amount of the capital stock so represented as paid up, where the true value of such property did not, as they knew, exeed $150,000, though there was no intention of defrauding anybody by the fictitious valuation.

In Equity. Bill to restrain the prosecution of suits at law to subject officers of a corporation to liability for corporate debts.

*L. E. Chittenden,* for complainants.

*Bellens & Lilienthol,* for defendants.

WALLACE, J. The officers and trustees of the Cortes Company made and signed a certificate stating that the whole amount of the capital stock of the company, being 60,000 shares, of the par value of $1,500,-000, had been issued as full-paid stock to William B. Hatch & Co. on the purchase of, and in payment for, mines and other property, and that said stock had been issued to the amount of the value of the property, and in payment therefor. The property had been offered for sale for several months previously at the price of $150,000, exclusive of brokers' commissions, and a few days previously Hatch & Co. had agreed to buy it of the owners for $150,000, and had entered into an agreement with a syndicate of purchasers to organize a corporation, and transfer the property to the corporation for $150,000 and one-sixth of the capital stock of the corporation. The Cortes Company was a corporation organized pursuant to this arrangement, and the officers and trustees who made the certificate were some of them members of the firm of Hatch & Co., and others were their associates in organizing the Cortes Company to carry out the syndicate agreement; and all of them were cognizant of the facts which have been mentioned in regard to the price of the property. I cannot believe that any one of them would have hesitated for a moment to sell his stock for one-fifth of its face value if he could have done so at the time he signed the certificate, or would have advised any friend to buy it at that price; yet the statement in the certificate was that the stock represented property worth its face value. There is not the slightest

reason to suppose that any one of these persons who made the certificate intended, by placing this fictitious valuation upon the property, to defraud anybody. Nevertheless, their certificate contained a false statement, within the letter and the spirit of the statute.[1] The statute makes all the officers liable for all the debts of the company, contracted while they are officers or stockholders, who have made a certificate which is false in any material representation. The case made by the evidence brings the complainants within the terms of this liability. The Thannhausers were in no sense parties to the making of the certificate; nor were they cognizant of the false statement when they gave credit to the corporation, and made the advances which constitute their present demand, so far as appears by the record. Pursuant to the conditions of the order granting the injunction staying the defendants from prosecuting their suits at law against the complainants, the defendants are entitled to a decree in this suit establishing their demands against the complainants, and are entitled to enter judgment in their suit at law against the complainants for the amount of their demands. A decree is ordered accordingly.

---

[1] 3 Rev. St. N. Y. (8th Ed.) p. 1958, § 15, provides that, "if any certificate or report made, or public notice given, by the officers of any such company, in pursuance of the provisions of this act, shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof."